MEI RONG CHEN, Petitioner,

v.

UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto R. Gonzales, Respondents.

No. 06–3897–ag.

United States Court of Appeals, Second Circuit.

May 30, 2007.

Yee Ling Poon (Robert Duk–Hwan Kim on the brief), New York, NY, for Petitioner.

Craig S. Morford, United States Attorney, Middle District of Tennessee, Ellen Bowden McIntyre, William Cohen, Assistant United States Attorneys, Nashville, TN, for Respondents.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Mei Rong Chen, a native and citizen of China, seeks review of the July 27, 2006 order of the BIA denying her motion to reopen. *In re Mei Rong Chen,* No. A77 293 414 (B.I.A. July 27, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34.

Chen's motion advanced two grounds in favor of reopening, the ineffective assis-

tance of her former counsel and the birth of her U.S. citizen child. As to ineffective assistance of counsel, in order to prevail on such a claim, the movant must demonstrate that former counsel's performance was so poor as to impinge on the fundamental fairness of the proceedings. *See Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994). This requires a showing that competent counsel would have acted otherwise, *and* that the alien was prejudiced by counsel's performance. *Id.* at 882.

■ Here, the BIA did not abuse its discretion in determining that Chen failed to show that she was prejudiced by her former counsel's failure to timely file a brief. While the late-filed brief identified weaknesses in some of the IJ's adverse credibility findings, those weaknesses did not lead to a "definite and firm conviction" that those findings were clearly erroneous, compelling the BIA to reverse or remand. *In re R–S–H–*, 23 I. & N. Dec. 629, 637 (B.I.A. 2003). Accordingly, the BIA's denial of Chen's motion to reopen based on ineffective assistance of counsel was not an abuse of discretion.

As to the birth of Chen's U.S. citizen child, it is true that we have recently remanded several cases in which the petitioner claimed a well-founded fear of persecution based on the birth of two children in the United States in light of certain documents that could establish the existence of an official policy of forced sterilization in Fujian, Chen's home province. *See Shou Yung Guo v. Gonzales*, 463 F.3d 109, 115 (2d Cir.2006); *see also Tian Ming Lin v. U.S. Dep't of Justice*, 473 F.3d 48, 54–55 (2d Cir.2007); *Jin Xiu Chen v. U.S.*

*Dep't of Justice*, 468 F.3d 109, 110–11 (2d Cir.2006).

■ Here, although Chen is from Fujian province, she has not demonstrated a well-founded fear of persecution, i.e., sterilization, based on the birth of her one and only child. The documents examined in *Shou Yung Guo* allege that the official policy in Fujian requires an IUD insertion after the birth of the first child, and sterilization only after the birth of a second child. *Shou Yung Guo*, 463 F.3d at 113. Although Chen argues in her brief to this Court that a forced IUD insertion would constitute persecution under 8 U.S.C. § 1101(a)(42), we have never held this to be so. Accordingly, the BIA did not abuse its discretion by denying Chen's motion for failure to allege changed circumstances. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Wei Guang Wang v. BIA*, 437 F.3d 270, 273–75 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).